UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CRIMINAL NO. 17-2-DLB-EBA-1

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.       **MAGISTRATE JUDGE'S
         REPORT AND RECOMMENDATION**

DIXIE I. CLARK,                                                              DEFENDANT.

This matter came before the undersigned for a competency hearing on June 8, 2017, to ascertain whether Defendant is competent to proceed with trial, based upon her evaluating psychologist's findings as set forth in the competency report, [R. 20], and upon any other evidence and arguments presented by the parties. At the hearing, Andy Markelonis was present on behalf of the Defendant, and Kate Anderson was present on behalf of the United States. For reasons set forth below, the undersigned RECOMMENDS that Defendant be found competent to stand trial.

**ANALYSIS**

The consequences of being mentally incompetent are reflected in the statutory authority under 18 U.S.C. §4241(d), which requires that "[i]f, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility (1) for such a reasonable period

1

of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward . . . " Id.

Accordingly, this Court must now make a determination of Defendant's mental competency to stand trial by a preponderance of the evidence. 18 U.S.C. §4241(d). In doing so, the Court is cognizant that "a criminal defendant is incompetent if he lacks 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or if he does not have a 'rational as well as factual understanding of the proceedings against him.'" United States v. Miller, 531 F.3d 340, 348 (6th Cir. 2008), quoting Drope v. Missouri, 420 U.S. 162, 172 (1975). The "bar for incompetency is high," and "a defendant is not rendered incompetent to stand trial merely because he cannot get along with counsel or disapproves of counsel's performance." Id. at 349–350. In reaching its decision regarding a defendant's competency, the court may consider several factors, including "evidence of a defendant's irrational behavior, demeanor at trial, and any prior medical opinion on competence to stand trial." United States v. Wilson, 402 F. App'x 69, 74 (6th Cir. 2010), quoting Miller, 531 F.3d at 348.

On June 8, 2017, the parties appeared before the undersigned for an evidentiary hearing on the issue of Defendant's competency, as defense counsel had previously expressed concern about Defendant's mental state and ability to assist in her defense at trial. [R. 8]. At the hearing, the Defendant, by counsel, stated that she had no witnesses and stipulated that if called as witnesses in the matter, the Bureau of Prisons evaluators would testify to the findings and conclusions stated within their report. Further, the Defendant waived any right of cross-

2

examination of the Bureau of Prisons evaluators and stipulated to admission of the report into evidence for the Court's consideration. The United States similarly stipulated to admission of the report, and waived any hearing on the issue.

Having now considered the matter in accordance with 18 U.S.C. § 4247(d), and having reviewed the evidence bearing on Defendant's competency to understand the nature of the charges and assist in her defense, the undersigned finds no evidence to indicate Clark's incompetency or to otherwise contradict the findings set forth in the competency report that she is fully competent to proceed. The record is uncontradicted that Clark demonstrated a factual knowledge of the roles of all key participants at trial, the nature of the current allegations, the adversarial nature of the proceeding and an understanding of the penalties if convicted. During the evaluation she demonstrated an ability to remain attentive, and communicated in a logical manner without difficulty. Clark further demonstrated the knowledge and ability to recall her actions and thought processes before, during, and after the alleged offenses in this matter. The evaluators found no reason to believe she was unable to understand the wrongfulness of her alleged conduct. Simply stated, she was found to have the present mental ability to assist in her defense, understand the roles of the lawyers, judge and jury in her case. [R. 20]. The evidence thus shows, by a preponderance of the evidence, that Dixie I. Clark does not lack the sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding, and shows that Clark has exhibited a rational and factual understanding of all proceedings against her. Miller, 531 F.3d at 348, quoting Drope, 420 U.S. at 172. This evidence is uncontradicted.

**RECOMMENDATION**

The undersigned RECOMMENDS that the District Court find Defendant Dixie I. Clark. COMPETENT to stand trial and continue the criminal proceedings in this matter. Furthermore, the Court should find the time between February 8, 2017, the date on which Clark moved for a competency evaluation, [R. 8], until the entry of the Court's Order ruling on this RECOMMENDATION is excluded due to the fact that Clark has been undergoing a competency evaluation. 18 U.S.C. § 3161(h)(1)(A), (D) and (F).

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may respond to any objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 9, 2017.

Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge